Sanders, Janet L., J.
In this action, the plaintiff The Patriot Ledger (the Ledger) seeks an order directing two local retirement boards to turn over the names of physicians who certified disability applications for 41 municipal employees receiving accidental disability pensions. The case is now before the Court on the Ledger’s request for a preliminary injunction. In opposing the request, the defendants argue that the information sought falls within an exemption to the public records law and that disclosure of this information would be an unwarranted invasion on the privacy of the employees. For the following reasons, this Court disagrees, and concludes that the Motion must be Allowed.
The relevant facts are set forth in the Verified Complaint. In October 2008, the Ledger made a request upon the Directors of the Quincy Retirement Board and the Plymouth Retirement Board (the Boards) that they disclose the names of doctors who had certified the disability applications for a number of municipal employees whom the Ledger had already identified as having received accidental disability pensions. Twenty-nine of these employees were from Quincy; twelve were from Plymouth. The request was made pursuant to G.L.c. 66, §10, the Massachusetts Public Records Statute. In response to the Ledger’s request, a lawyer for the Boards acknowledged that each employee was required to and did submit a “Physician Statement” addressing the issue of the disability and its permanency as well as its causation. The attorney contended, however, that the identity of the doctors submitting such statements fell within G.L.c. 4, §7, cl. 26(c), the so-called “privacy exemption” to the statute. The Ledger turned for legal assistance to the New England First Amendment Center at Northeastern University. This lawsuit followed.
In determining whether injunctive relief is appropriate, this Court applies the test set forth Packaging Industries v. Cheney, 380 Mass. 609, 616-22 (1980). First, the moving party must show that it is reasonably likely to prevail on the merits of the underlying claim. Second, this Court weighs the relative harms to the parties if the injunction is or is not granted.
In the appropriate case, the Court should also consider the public interest. See Commonwealth v. Mass. CRINC, Inc., 392 Mass. 79, 89 (1984). This Court concludes that the Ledger has sustained its burden of showing its entitlement to the relief it seeks.
With regard to the merits of the underlying claim, the issue before the Court is strictly a legal one— namely, whether this request seeks records which fall within G.L.c. 4, §7, cl. 26(c), which exempts from public disclosure “personnel and medical files or information” as well as “any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of privacy.” This “privacy” exemption was interpreted and analyzed in Boston Globe Newspaper Co. v. Boston Retirement Board, 388 Mass. 427 (1983). In that case, the Globe sought, among other things, information or files which would reveal the medical reason given by each employee in applying and receiving his disability pension. The SJC held that “medical and personnel files or information are absolutely exempt from mandatory disclosure where the files or information are of a personal nature and relate to a particular individual.” 388 Mass. at 439. Although the Globe was entitled to know the names of those receiving disability and the amounts received, the medical certificates setting forth the medical condition for the request (e.g. bad back, heart problem, hypertension) were private. The instant case is quite different. As the Court understands it, the Ledger is not interested in the contents of any physician statement submitted in connection with an application but wants to know only the identifying information of the physician who submitted it.
The defendants contend that revealing the doctor’s name would necessarily reveal something about the underlying medical condition, since many doctors are specialists. Many so-called specialties are broad enough, however, to encompass a wide variety of diseases and medical conditions. For example, one may go to a gastroenterologist for any number of digestive problems. Moreover, the defendants (who have the burden of showing that the exemption claimed in fact applies) have presented no information that the specialty of any particular doctor involved here is of the type which would necessarily reveal the underlying medical condition that was claimed in seeking the disability pension. Indeed, it would appear that the Ledger is more interested in knowing whether the same doctor (or small group of doctors) has certified all the disability applications in question than it *262 is in knowing what the underlying medical reasons for the applications were. So long as the documents produced reveal only information relating to the identity of the doctor,[1] they would not implicate that portion of G.L.c. 4, §7, cl. 26(c) which absolutely exempts medical files from disclosure. Nor would the second portion of that exemption apply, since disclosure of this information would not constitute an “unwarranted invasion of privacy.”
With respect to the balancing of harms, the defendants contend that an injunction would effectively decide the case before a full adjudication of the merits. Because the issue before the Court is strictly a legal question, however, there is no benefit to waiting: I will be in no better position later to decide the issues than I am now. Moreover, the Public Records Statute itself requires that records not exempt from disclosure be produced without unreasonable delay and that, where the custodian of public records fails to comply with a request, the Superior Court has jurisdiction to order compliance. G.L.c. 66, §10(a) and (b); see also 950 C.M.R. 32.05(2). Indeed, a motion for a preliminary injunction made in a lawsuit filed pursuant to G.L.c. 66, §10 is precisely how an issue under the Public Records Statute is best addressed.
More important, this Court concludes that there is a strong public interest in prompt disclosure of this information which outweighs any conceivable harm to the defendants. Much of the process by which disability pensions are awarded is shrouded in secrecy. The awards themselves, however, involve taxpayer money and impact the budgets of our cities and towns, which are already struggling to fund important public services in these difficult economic times. Although no individual should have the intimate details of his or her medical history open for public inspection, the public must be also be satisfied that the applicants for disability are not abusing the benefits extended to them and that the powers conferred on retirement boards to grant or deny such applications are being exercised wisely. If some light can be shed on the process by which those decisions are reached in a way which does not impinge on individual privacy, then that will promote public confidence — or lead to reform if problems are revealed.
Accordingly, for all the foregoing reasons and for other reasons outlined in the plaintiffs Memorandum of Law, the Motion for a Preliminary Injunction is ALLOWED and it is hereby ORDERED that the defendants disclose all information which identifies the physician or physicians who filed statements supporting applications for accidental disability pensions on behalf of the forty-one municipal employees already identified by the Ledger.

The defendants have presented a sample Physician Statement. On page 4 of the form, the physician certifies that all the information he or she provides in connection with the individual application is true: the doctor then fills out information identifying himself or herself (by name, address, medical license and specialty, among other things). It is this information which the Court understands that the Ledger is seeking — and which the injunction is intended to cover. If revealing some portion of this information would in fact indirectly disclose the medical condition of a particular applicant, then that portion could be redacted. This must be done on an individual basis, however, and not in some wholesale fashion.